UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT REINER,

Plaintiff,

v.

BANCTEC, INC.,

Defendant.

**DECISION and ORDER**

**05-CV-390A(F)**

APPEARANCES:

GORLICK, KRAVITZ & LISTHAUS, P.C.
Attorneys for the Plaintiff
BARBARA S. MEHLSACK, of Counsel
17 State Street, 4th Floor
New York, New York 10004-1501

PAUL, HASTINGS, JANOFSKY & WALKER
Attorneys for the Defendant
ZACHARY D. FASMAN,
K. LESLI LiGORNER, of Counsel
75 East 55th Street, 31st Floor
New York, New York 10022

HODGSON, RUSS, LLP
Attorneys for the Defendant
JEFFREY J. WEISS, of counsel
2000 One M & T Plaza
Buffalo, New York 14202

## JURISDICTION

By order filed January 5, 2006 (Doc. No. 29), the matter was referred to the undersigned by Hon. Richard J. Arcara for entry of a Scheduling Order and all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). The matter is presently before the court on the parties' proposed case management orders and related requests.

## BACKGROUND[1]

This action, seeking monetary and declaratory relief, was commenced by Plaintiff filing a complaint on June 2, 2005, alleging on behalf of Plaintiff and "other similarly situated current and former employees of Defendant who elect to 'opt-in' pursuant to . . . Section 16(b)" of the Fair Labor Standards Act ("Section 16(b)") ("the Act") based on alleged violations of the Act, specifically its overtime pay provisions ("the collective action")." Plaintiff also asserts, individually at present, a claim for unpaid overtime hours based on Plaintiff's computer repair service duties, administrative functions and related travel time pursuant to New York Labor Law § § 21 and 663, including liquidated damages and attorneys fees ("the state law claim"). Plaintiff, and potential "opt-in" claimants, were employed as computer repair technicians who performed computer maintenance and repair services to Defendant's clients nationwide. Plaintiff was treated by Defendant as an independent contractor until May 30, 2003. Thereafter, Defendant changed Plaintiff's, and the status of other technicians similarly situated, to that of employee, and paid overtime for the same services they provided to Defendant's clients prior to May, 2003 for which Plaintiff seeks damages.

Plaintiff has requested judicial permission, as part of the case management order, to notify persons who are or were employed by Defendant during the three-year period prior to commencement of this action of their right to join or "opt-in" to Plaintiff's collective action as additional plaintiffs should "they believe," as Plaintiff has alleged,

---

[1] Taken from pleadings, information provided by the parties at the scheduling conference held October 26, 2005, and written submissions of the parties, particularly, letters to the court dated October 24, 2005, October 25, 2005, November 7, 2005, November 17, 2005, November 22, 2005 and December 8, 2005.

they were also denied correctly computed hourly wages and overtime pay prior to their change in status by Defendant. Plaintiff seeks similar information over a six-year period, prior to commencing the action, in connection with Plaintiff's intention to additional seek certification of a class action based upon Plaintiff's state claims which are subject to a six year limitations period. Defendant opposes both requests.

By its answer, Defendant denied any basis for the asserted collective action or "the existence of any class or group . . . on whose behalf Plaintiff purports to proceed" and also denied that Plaintiff is "similarly situated" to any persons sufficient to authorize a collective action pursuant to Section 16(b). Defendant generally denied most of Plaintiff's factual and legal allegations in support of both Plaintiff's Section 16(b) and state law claims. As relevant, Defendant interposed affirmative defenses based on statute of limitations, the failure of potential "opt-in" claimants to comply with Section 16(b), the absence of persons similarly situated to Plaintiff sufficient to support the asserted collective action, that Plaintiff is not an adequate representative of any "class or group of individuals," and the absence of any wilfulness on Defendant's part in any possible violations of the Act thus establishing that claims for damages prior to June 2, 2003 are time barred.

Prior to the Rule 16(b) scheduling conference, conducted by the undersigned on October 24 and 25, 2005, Defendant and Plaintiff, respectively, submitted letters to the court informing it that the parties were unable to agree upon a proposed case management order for the case. Given the numerous issues raised in such correspondence, and to facilitate the court's consideration, the court permitted the parties to elaborate their positions in supplemental letters to the court. Based on these

submissions, it is apparent that Plaintiff and Defendant disagree whether Plaintiff is barred from proceeding with the collective action because of Plaintiff's asserted failure to comply with Local R.Civ.P. 23(d) which, according to Defendants, requires that a motion to certify a class action, as well as a collective action brought under Section 16(b), be filed within 120 days from the date the action was commenced. As Defendant notes, to date no such motion has been filed by Plaintiff. Additionally, as stated, Plaintiff requested Defendant be directed in the case management order to immediately provide the names and addresses of all employees, regardless of their current residences, who were employed by Defendant in New York state after June 1, 1999, as well as all employees employed nationally by Defendant after June 1, 2002, and further proposed an expedited schedule for judicial approval of a form of notice to potential claimants pursuant by which such claimants may become members of a class action based on Plaintiff's state law claims or "opt-in" to the Section 16(b) collective action.

In opposition, Defendant argues that Plaintiff's proposed six-year look-back period requires a threshold determination by the court that Defendant's violations were wilful as the Act provides a three year period limitation period only for wilful violations.[2] Accordingly, Defendant contends that Plaintiff's proposed discovery, *i.e.*, identification of potential "opt-in" claimants for the collective action prior to June 2003 (and related notice) must await a judicial finding that Defendant acted wilfully. According to Defendant, unless the court first determines that Defendant acted wilfully, any claims by Defendant employee's accruing prior to June 2, 2003 would be time-barred thus

[2] Non-wilful violations of the Act are subject to a two-year period. 29 U.S.C. § 255(a).

rendering their identity for Section 16(b) "opt-in" purposes irrelevant. Finally, Defendant argued that Plaintiff's proposed look-back period of six years in relation to any state law claim is also improper as although Plaintiff's state law claim is admittedly governed by a six-year limitations period, no state law class action seeking a penalty, as available under the New York Labor Law, is permitted by Section 901(b) of the New York Civil Practice Act and Rules ("Section 901(b)").[3] Specifically, Defendant maintains that the liquidated damages available under New York Labor Law § 198, as sought by Plaintiff, constitute a "penalty" (or a "minimum measure of recovery") as those terms are used by § 901(b), prohibit any class action under New York law to obtain such relief thereby rendering Plaintiff's six-year look-back period for potential class members equally unavailing. Thus, Defendant asserts, neither Plaintiff's federal nor state law claims support Plaintiff's requests for Defendant's employee identification based on Plaintiff's proposed three-year period prior to June 2, 2005 for the Section 16(b) claim, and the six-year period prior to June 2, 2005 predicated upon Plaintiff's state law claim as a basis for a potential class action.

In addition to these threshold issues, the parties' proposed case management orders reflect significant differences in their respective proposed dates for completion of fact discovery, expert disclosures and dispositive motions, as the proposed dates vary by as much as six months.

Plaintiff argues that Local Rule 23 is inapplicable to a Section 16(b) action and

---

[3] Section 901(b) provides that "[u]nless a statute creating or imposing a penalty, or a minimum measure of recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action."

that Defendant's asserted limitations on Plaintiff's proposed scope of discovery for identification of potential "opt-in" claimants and class action members are therefore mistaken or premature. Plaintiff particularly maintains that, contrary to Defendant's contention, § 901(b) does not limit the scope of a class action by Plaintiff on behalf of potential claimants to enforce the New York Labor Law, and that it would be arbitrary if at this early stage Plaintiff was precluded from attempting to contact potential claimants who may also wish to become members of a class action based on Defendant's alleged violations of the New York Labor Law. Accordingly, Plaintiff states, any limitation at this stage of the case on the identification of such potential state law claimants, measured by the applicable New York six-year limitations periods, is also unwarranted.

Although, the parties have requested the court to make substantive rulings on what they perceive as issues in need of judicial decision at the threshold of the case, because the matter has been referred to the undersigned for entry of a case management order and for determination of both non-dispositive and dispositive motions pursuant to 28 U.S.C. § 636(a)(1)(A) & (B), in order to provide the basis for orderly resolution of the various issues presented, as well as possible review upon timely objections filed with the District Judge pursuant to Fed.R.Civ.P. 72(a), the court declines, at this time, to make determinations on the merits of the parties' respective positions based on the referenced submissions of the parties. Rather, to promote the potential for judicial economy and the need for orderly judicial consideration, the court finds that such determinations should be made upon formal motions by the parties, addressed to specific issues. If, for example, Defendant continues to maintain the Plaintiff's collective action as pleaded is subject to dismissal for any reasons, a motion

requesting such relief should be promptly filed.

Irrespective of how Defendant may elect to proceed, should, as Plaintiff has already requested, Plaintiff demand discovery of the identity of Defendant's employees or former employees under either Plaintiff's collective action claim or as members of a possible class action based on Plaintiff's state claim, Plaintiff should, if Defendant refuses to voluntarily provide such information, promptly serve discovery requests upon Defendant requesting the information. Should Defendant object and, as required, seek a protective order, *see* Fed.R.Civ.P. 37(d), or if Plaintiff moves to compel, the court will attempt to expeditiously resolve such disputes. Similarly, Plaintiff's request, as stated in his letter to the court of November 17, 2005 for the equitable tolling of applicable limitations period, should also be presented to the court by motion.

Finally, Plaintiff should also immediately move for certification and approval of a form of notice to potential claimants with respect to the collective action. The court acknowledges the existence of caselaw, cited by Plaintiff, implying that a motion for "certification" of a Section 16(b) collective action claim is not required. However, as the matter is before the undersigned based on a referral order, and absent a consent to proceed before the undersigned pursuant to 28 U.S.C. § 636(c), to facilitate the potential need for orderly review by Chief Judge Arcara of any determination by the undersigned on a contested matter, including the terms of the case management order as filed by the court, the court requests the parties proceed by motion.

Accordingly, the court finds no compelling reason to rule at this time upon the various procedural issues raised by the parties in connection with their proposed case management orders, and further finds no apparent substantive or procedural

impediment to entry of a case management order pursuant to Rule 16(b). *See Scholtisek v. The Eldre Corporation*, 229 F.R.D. 381, 387 (W.D.N.Y. 2005) (upon plaintiff's motion, court applies "lenient" evaluation of whether pleadings and supporting affidavits support approval of Section 16(b) collective action and notice to potential "opt in" claimants.). In particular, any motion by Plaintiff to seek certification or approval of Plaintiff's asserted collective action pursuant to Section 16(b) or for class certification on Plaintiff's state law claim, may be opposed by Defendant on whatever grounds Defendant may wish to assert.

**CONCLUSION**

Based on the foregoing, a case management order pursuant to Fed.R.Civ.P. 16(b) directed to the threshold issues raised by the parties is hereby entered. The parties' specific requests, as submitted to date and discussed herein, are therefore DISMISSED without prejudice.

SO ORDERED.

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: January 9, 2006
Buffalo, New York